## KEELER & NOYES *v.* J. T. & H. C. MATHEWS.

In an action on book account against two defendants, where the plaintiff presented a charge for money lent, it was held that he might prove, by the defendant to whom the money was delivered, that the defendants were partners at the time the money was lent, and that it was obtained upon the credit, and for the use of, the firm.

BOOK ACCOUNT.   The action came to the county court, by appeal, judgment to account was rendered, and an auditor appointed.

The auditor reported that the plaintiffs exhibited an account against the defendants for money lent, and that for the purpose of establishing joint liability of the defendants, for the same, he offered to prove by the testimony of one of them, H. C. Mathews, the following facts, namely,—that the defendants were partners, during the years 1839 and 1840, in carrying on a farm, and that they transacted business and drew orders in their company name, but only in connection with transactions relating to the farm ; that, during said year 1840, the mother of the defendants, being sick, was visited by a physician, to whom they made promise of payment for his services; that for the purpose of paying the same, the said H. C. Mathews, at the request of said J. T. Mathews, borrowed of the plaintiffs the money in question, in the name of both, and gave direction to charge it to both, and that the same was paid in satisfaction and discharge of the balance of said physician's account.   Objection was made to the testimony, on the ground that it was not competent to prove the alleged facts by the said defendant; but the objection was overruled by the auditor, and the said defendant was

admitted to testify, and did testify, to the said alleged facts; where-upon the auditor reported that he found due from the defendants to the plaintiffs, the sum of $6,75, submitted to the court, the question whether the witness had been properly admitted to testify.

The county court rendered judgment for the plaintiffs, upon the report; to which decision the defendants excepted.

*J. Sawyer* for defendants.

Could H. C. Mathews be admitted to show his own authority to borrow this money, and charge his co-defendant? It is contended that he ought to have been excluded. Admit the principle con-tended for by the plaintiffs, and what would be the effect? Any person might go forth, make a false representation, obtain goods to any amount, and, by swearing as a co-defendant, charge, another, and, to that extent, shield himself. A party in a book action is not a general witness. 8 Vt. 400. He can be admitted to testify as to receiving the money, and various matters concerning it, but ought not to be placed in a situation where he must necessarily commit perjury, or convict himself of the offence of obtaining money under false pretences.

We contend that at least this comes under that class of cases where the witness if not, generally incompetent, is rendered incom-petent by the nature of the particular question agitated at the trial. 3 Stark. Ev. 1729–30.

*H. P. Smith* for plaintiff.

The parties are competent witnesses in the book action. Re-vised Statutes, 220, sect. 6. Their examination must necessarily be general, and go to all the circumstances connected with ac-counts exhibited, and the liability of each to the other. They may testify to every material fact relative to their accounts proper to be considered in deciding upon the merits of the claims of the respect-ive parties. *Stevens et al.* v. *Richards et al.*, 2 Aik. 81; *Fay et al.* v. *Green*, 2 Aik. 386; *May et al* v. *Corlew*, 4 Vt. 12. Such is the rule laid down by this court in cases which have heretofore been before them; and in accordance with this rule, it has been de-cided that the parties may testify to a warranty and deceit in the

sale and delivery of articles sold and charged on book,—to the loss and contents of a receipt, that the articles charged were not adjudicated in a former suit,—to the admissions of the other party,—to the delivery of a note in payment of an account,—to payments and settlements of accounts generally,—to the sale, price, delivery and value of articles, and the performance of services charged, and *all* the circumstances relative thereto. *Stevens et al.* v. *Richards et al.*; *Fay et al*, v. *Green* and *May et al.* v. *Corlew* above cited; *Warden* v. *Johnson,* 11 Vt. 456; *M'Laughlin* v. *Hill,* 6 Vt. 20; *Reed* v. *Talford,* 10 Vt. 568; *Fassett* v. *Vincent,* 8 Vt. 73; *Blish et al.* v. *Granger,* 6 Vt. 340.

The opinion of the court was delivered by

HEBARD, J.   The facts offered to be proved were a proper subject of inquiry; and the only question is in relation to the person by whom they might be proved. The extent, to which parties to the action of book account, may be witnesses, has been a fruitful subject of inquiry. The particular question raised in this case has not, probably, been discussed and settled; but other questions very similar have been decided in repeated instances. The statute has made both parties witnesses, not only to facts which each may wish to establish for his own benefit, but, also, to facts which bear adversely. They are made witnesses to every fact, which relates to the original indebtedness. In this case there can be no doubt but what both of the defendants were competent witnesses to disprove the plaintiff's charge, to deny the reception of the money, and even to swear to the payment of it. Can it, then, be doubted that they are equally competent to testify to the contrary facts. We think this is not extending the book action beyond its present limits, nor are we able to see any objection to this, in principle. These are the very facts upon which the plaintiffs' right to recover depends. They are the very facts for which the statute has made the parties witnesses. In short we do not perceive any new principle involved in this question.

Judgment affirmed.